UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO.: 1:11-cv-137 ) |
| J & P TRANSPORT, et. al., | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion for Order Shortening Time to Answer to Interrogatories. (Docket # 12.) The Plaintiff states that it plans to serve interrogatories on Defendant Hy-Line Enterprises Holdings, LLC, to ascertain the citizenship of Hy-Line's members and asks the Court to shorten the response time from thirty to fourteen days. (Docket # 12.) Because the Plaintiff failed to comply with Local Rule 37.1 and has not shown why a reduced time period is necessary, however, the Motion is DENIED.

Local Rule 37.1(b) requires that for every motion concerning discovery, "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the

person or party in an effort to resolve the matter without court action. The certification shall also state the date, time, and place of the conference or attempted conference and the names of all persons participating therein." The certification is to be made in a separate document and filed contemporaneously with the motion. N.D. Ind. L.R. 37.1(c).

1

"A good faith effort to resolve a discovery dispute requires that counsel converse, confer, compare views, consult and deliberate." *Imbody v. C & R. Plating Corp.*, No. 1:08-cv-218, 2010 WL 3184392, at *1 (N.D. Ind. Aug. 10, 2010) (citation and internal quotation marks omitted); *Ellis v. CCA of Tenn., LLC*, No. 1:08-cv-0254-SEB-JMS, 2009 WL 234514, at *2 (S.D. Ind. Feb. 2, 2009) (citation omitted). "The requirement to meet and confer must be taken seriously, because 'before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves.'" *Imbody*, 2010 WL 3184392, at *1 (quoting *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006)).

Here, the Plaintiff has not filed the required Local Rule 37.1 certification indicating that a good faith attempt has been made to resolve the matter without Court involvement. Of course, the Court recognizes that counsel has not appeared for Hy-Line, but there is no recitation of any contact at all with that party in an effort to avoid the present motion. Moreover, the Plaintiff has not provided any explanation for why the time to respond must be shortened under Federal Rule of Civil Procedure 33(b)(2). Indeed, while the Plaintiff was ordered to file an Amended Complaint "forthwith," more than two weeks have already passed without one being filed and there is apparently no prospect of one being filed until the requested discovery is received. Accordingly, for these reasons, the Plaintiff's Motion (Docket # 12) is DENIED.

SO ORDERED.

Enter for May 12, 2011.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge