UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| PROGRESSIVE SOUTHEASTERN | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-137 |
| | ) | |
| J & P TRANSPORT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court in this declaratory judgment action is Plaintiff Progressive Southeastern Insurance Company's Motion for Approval of Alternate Service (Docket # 16) under Federal Rule of Civil Procedure 4(f)(3), seeking leave of Court to serve the summons and complaint on the Canadian attorney of Defendants James and Elizabeth Andrew, because their current address is unknown to Progressive.  For the following reasons, Progressive's motion will be DENIED WITHOUT PREJUDICE.

### A.  Factual and Procedural Background

On September 21, 2009, James Andrew sustained physical injuries when his ring finger became caught on a bracket of a trailer he had purchased from Hy-Line Enterprises Holdings, LLC. (Mot. ¶¶ 1, 2.)  As a result of his injuries, he and Elizabeth sued Defendants Hy-Line, J & P Transport, and Sun Coast Tractor Sales, Inc., whom they allege were responsible for the trailer's distribution, in the Ontario Superior Court of Justice. (Mot. ¶ 3.)

At the time the trailer was delivered, Defendants James Denune, Pamela Denune, and J & P Transport were the named insureds on a commercial automobile policy that Progressive issued.

(Mot. ¶ 4.)  Because of the dispute between Progressive and Defendants concerning whether Progressive is obligated to defend or indemnify the Denunes and J & P Transport in the Canadian lawsuit, Progressive filed the instant declaratory relief action on April 26, 2011. (Mot. ¶ 5; Docket # 1.)

Prior to filing this action, Progressive retained a private investigator to locate the Andrews, and as of March 12, 2011, they were reported to reside at Anthony's Mobile Home Park, Ltd., 3100 Dorchester Road, Dorchester, Ontario N0L 1G5. (Mot. ¶¶ 6, 7.)  On April 26, 2011, Progressive forwarded a summons and complaint to the Ontario Court of Justice for service on the Andrews purportedly in accordance with the Hague Convention and Federal Rule 4(f)(1). (Mot. ¶ 8.)  By letter dated June 21, 2011, however, the Central Authority for Service of Documents in Ontario advised Progressive that service could not be effected on the Andrews because they had moved and no forwarding address was known. (Mot. ¶ 10.)

On June 22, 2011, in an effort to provide the Andrews with actual notice of the suit and before it had received the Central Authority's letter, Progressive sent a copy of the summons and complaint to Ken Williams & Associates ("Williams"), the Canadian counsel who purportedly represents the Andrews in the underlying Canadian case. (Mot. ¶ 18.)  On July 6, 2011, Progressive filed the instant motion, seeking leave of Court to serve the Andrews in care of Williams via international mail, delivery confirmation signed by the addressee. (Mot. 1, 5.)

### B.  Applicable Law

Federal Rule of Civil Procedure 4(f) governs service of process upon individuals in foreign countries, stating that service may be accomplished:

(1)      by any internationally agreed means of service that is reasonably calculated
           to give notice, such as those authorized by the Hague Convention on the

2

Service Abroad of Judicial and Extrajudicial Documents;

(2)    if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice;

    (A)    as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

    (B)    as the foreign authority directs in response to a letter rogatory or letter of request; or

    (C)    unless prohibited by the foreign country's law, by:

        (i)    delivering a copy of the summons and of the complaint to the individual personally; or

        (ii)    using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3)    by other means not prohibited by international agreement, as the court orders.

Here, Progressive advances its motion for approval of alternate service under Rule 4(f)(3).

A court is "afforded wide discretion in ordering service of process under Rule 4(f)(3)." *S.E.C. v. Anticevic*, No. 05 CV 6991(KMW), 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009) (quoting *BP Prods. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. 2006)).  Rule 4(f)(3) "provides the Court with flexibility and discretion empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case." *Id*. (quoting *BP Products*, 236 F.R.D. at 271); *see also Smith v. Islamic Emirate of Afghanistan*, Nos. 01 CIV 10132 (HB), 01 CIV 10144(HB), 2001 WL 1658211, at *3 (S.D.N.Y. Dec. 26, 2001).  "When exercising that discretion courts should indeed make 'an earnest effort . . . to devise a method of communication that is consistent with due process and minimizes offense to foreign law.'" *BP Products*, 236

F.R.D. at 271-72 (quoting *Export-Import Bank of the United States v. Asia Pulp & Paper Co.*, No. 03Civ.8554(LTS)(JCF), 2005 WL 1123755, at *4 (S.D.N.Y. May 11, 2005)).  "In order to fulfill due process requirements under Rule 4(f)(3), the Court must approve a method of service that is 'reasonably calculated, under all the circumstances' to give notice to defendant." *Id*. (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

### C.  Analysis

Here, Progressive seeks leave of Court to serve the Andrews's Canadian counsel on the premise that "there is no known address for James Andrew and Elizabeth Andrew and [its] previous attempt at service has been futile." (Mot. ¶ 15.)  Progressive's stated reasons for seeking approval of alternate service, however, fall short.

To explain, although Progressive initially used a private investigator to locate the Andrews, it has not exercised reasonable diligence in attempting to determine the Andrews's new address. *See Opella v. Rullan*, No. 10-21134-CIV, 2011 WL 2600707, at *5 (S.D. Fla. June 29, 2011) ("[A]n address is not 'known' within Article 1 of the [Hague] Convention only when it is unknown to the plaintiff after the plaintiff exercised reasonable diligence in attempting to discover that address.") (citation omitted).  That is, there is no evidence that Progressive asked the private investigator to perform any follow-up work to determine the Andrews's new address.

Moreover, although Progressive obviously knows the identity and address of Williams, the Andrews's Canadian counsel, there is no indication that it has asked him for their new address. *See, e.g.*, *Kott v. Superior Ct.*, 45 Cal. App. 4th 1126, 1138 (Cal. Ct. App. 1996) (concluding that plaintiff had not exercised reasonable diligence in attempting to learn defendant's address where plaintiff failed to simply request defendant's address from defendant's

4

attorney and co-defendants).  Indeed, Progressive does not suggest that the Andrews are attempting to evade service. *Cf. Forum Fin. Group, LLC v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 24-25 (D. Maine Feb. 16, 2001) (considering defendant's efforts to evade service in Russia, his country of residence, when authorizing service upon his New York attorney).

Furthermore, "[a] court cannot authorize service on a foreign defendant's lawyer unless there has been adequate communication between the two." *1st Tech., LLC v. Digital Gaming Solutions, S.A.*, No. 4:08 CV 586 DDN, 2009 WL 879463, at *9 (E.D. Mo. Mar. 30, 2009) (collecting cases); *see also W. Supreme Buddha Ass'n., Inc. v. Oasis World Peace & Health Found.*, No. 08-CV-1374, 2011 WL 856378, at *2 (N.D.N.Y. Mar. 9, 2011) (citing *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 116-17 (S.D.N.Y. 2010) (collecting cases)).  That is, before authorizing service on a defendant's attorney, a court must be assured that this method of service is "reasonably calculated" to give notice of the action to the defendant. *BP Products*, 232 F.R.D. at 264-65.

On this record, Progressive has failed to provide the Court with any evidence that service upon Williams is "reasonable calculated" to give notice to the Andrews.  Here, Williams could have since withdrawn from the Canadian case, as Progressive has not provided a copy of the docket or recent filings evidencing that Williams is still regularly communicating with the Andrews. *See, e.g.*, *BP Products*, 232 F.R.D. at 265 (finding it reasonable to conclude that attorney had some mechanism for contacting defendant where attorney had recently filed twelve pleadings and attended four court appearances on defendant's behalf).  For that matter, it is possible that Williams also lost contact with the Andrews when they relocated.

In sum, because Progressive has not exercised reasonable diligence in attempting to

secure the Andrews's new address, and because the record fails to demonstrate that service upon Williams is "reasonably calculated" to give notice to Andrews, Progressive's motion for approval of alternative service will be DENIED WITHOUT PREJUDICE.

### D.  Conclusion

For the foregoing reasons, Plaintiff's Motion for Approval of Alternative Service (Docket # 16), requesting that the Court grant leave to serve Defendants James and Elizabeth Andrews in care of their Canadian counsel via international mail, is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Entered this 8th day of July, 2011.

/S/ Roger B. Cosbey_____
Roger B. Cosbey,
United States Magistrate Judge